UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carmen Gonzalez, <br><br> And <br><br> Emelin Santiago, <br><br>        Plaintiffs, <br><br> v. <br><br> Global Credit and Collection Corporation, <br><br>        Defendant. | Case No.: <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br><br> **JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff Carmen Gonzalez ("Carmen") is a natural person who resided in Zion, IL at all times relevant to this action.

3. Defendant is a Corporation that maintained its principal place of business in Williamsville, NY at all times relevant to this action.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. As described below, Defendant sought to collect from Carmen an alleged "debt" as defined by 15 U.S.C. §1692a(5).

6. Carmen is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Plaintiff Emelin Santiago ("Emelin") is Carmen's daughter.

8. Emelin is a "consumer" as defined by 15 U.S.C. §1692a(3).

9. In or around August 2009, Defendant telephoned Emelin at Emelin's place of employment.

10. During this communication, Defendant disclosed that Carmen owed the debt.

11. During this communication, Emelin notified Defendant that Emelin was not liable for Carmen's debt and did not wish to speak to Defendant.

12. During this communication, Defendant accused Emelin of "hiding" Carmen.

13. During this communication, Emelin notified Defendant that Emelin's employer prohibits such communications at Emelin's place of employment and/or that Defendant's telephone calls to Emelin's place of employment were inconvenient for Emelin.

14. Despite this notice, Defendant telephoned Emelin at Emelin's place of employment in or around early September 2009 in order to collect Carmen's debt.

15. During this communication, Emelin again notified Defendant that Emelin was not liable for Carmen's debt and did not wish to speak to Defendant.

16. During this communication, Emelin again notified Defendant that Emelin's employer prohibits such communications at Emelin's place of employment and/or that Defendant's telephone calls to Emelin's place of employment were inconvenient for Emelin.

17. Despite this notice, Defendant telephoned Emelin at Emelin's place of employment on or around September 9, 2009.

18. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it disclosed to Emelin that Carmen owed a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c in that it communicated with Emelin about Carmen's debt and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c by calling Emelin at her place of employment after Defendant knew or had reason to know that Emelin's employer prohibited her from receiving Defendant's phone calls.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c by calling Emelin at a time and/or place known to be inconvenient for Emelin.

## JURY DEMAND

28. Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

29. Plaintiff Carmen Gonzalez prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

30. Plaintiff Emelin Santiago prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff